UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

            04 Cr. 260 (CLB)

    - against -

            *Memorandum and Order*

MONTHER O. H. AL ZUBI,

                Defendant.
--------------------------------------------------------x
Brieant, J.

      Before this Court for consideration is a Motion by Defendant filed July 18, 2005 in response to a Scheduling Order of this Court dated June 22, 2005, that Defendant be resentenced consistent with the Order in the Court of Appeals dated June 17, 2005 and the decision in *United States v. Crosby,* 397 F. 3d 103.

      Prior proceedings in the matter are fully set forth in the Affidavit of Joseph A. Vita, Esq., filed July 18, 2005. Briefly summarized, Mr. Al Zubi was convicted on his plea of guilty for having reentered the country illegally having previously been deported on April 30, 1998 subsequent to a felony conviction. He had also been deported on August 28, 2001 and August 23, 2002.

      Both the Government and Defense Counsel concede that the sentencing guidelines for Mr. Al Zubi in this case were correctly determined at a Total Offense Level of 10 and a Criminal History Category of V. The guideline range for incarceration was twenty-one to twenty-seven months and the Court sentenced the Defendant to a term of incarceration of twenty-seven months

followed by three years of supervised release. This sentence was imposed after the Court corrected the Criminal History Category from VI to V on the ground that the report materially overstated the criminal record.

At the time sentence was imposed, the Court regarded the sentencing guidelines as mandatory. The issue presented by *Crosby* is whether this Court "would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the Judge had [sentenced] under the post-*Booker/Fanfan* regime." (*Crosby* at 117.)

The Court has reexamined the sentence imposed in this case. It is noteworthy that the sentence was imposed at the higher end of the then mandatory guidelines. Although *Crosby* does not specifically prohibit it, this Court concludes that a District Court would not, on a *Booker/Fanfan* remand, ever sentence a defendant to a longer term of imprisonment than previously imposed on principles of Double Jeopardy and because, to do so, would be beneath the dignity of the Court. The Court could have sentenced Mr. Al Zubi to a term of twenty-one months as is now requested on remand but declined to do it.

This is an egregious reentry case. There are routine reentry cases where a defendant will, in all likelihood, be deported and will remain thereafter in his or her country of origin. Such a defendant's sentence does not invoke the need for specific deterrence, because the country of origin, in most cases will have a more effective criminal justice system, the existence of which deters wrongful behavior and, in any event, specific deterrence will no longer be a concern of the

United States. Such considerations would support a lesser sentence in many of the routine deportation reentry cases. However, Mr. Al Zubi's case is not, in this Court's view, a routine case. This Defendant has been deported three times and returned to the United States each time. This is a relevant fact which is not reflected in the guidelines. He has a long criminal history, and as this Court noted on January 5, 2005 when sentence was imposed, even under the mandatory guidelines, the prior evasions of the immigration laws could be considered by the Court not only in sentencing within the range but might "present a basis for an upward departure if the Court saw fit to do so." (Trans. at 5.)

Mr. Al Zubi returned to the United States three times after being deported simply for economic reasons, and because he thought he most likely would get away with it. It was purely fortuitous that his illegal reentry was detected; this resulted from his arrest in Yonkers for petty larceny. The Defendant claimed that there was no work for him in Jordan but, as this Court noted at the time of sentence, there is "unemployment in every country including Jordan and there are people in Jordan who are working and supporting their families."

Based upon its review of the totality of the circumstances involving the sentence in this case, this Court concludes that the sentence as imposed was fair and reasonable and concludes also that it would not have imposed a materially different sentence if the Court had been acting under sentencing guidelines which were purely advisory.

For the foregoing reasons, the Court adheres to its prior determination in this matter and

the Motion for Resentencing is denied.

X

X

X

X

X

SO ORDERED.

Dated: White Plains, New York
       September 15, 2005

_Charles Brieant_
Charles L. Brieant, U.S.D.J.